IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DBA STEVEN ROBERT JOHNSON<br>DBA SLEX ROBERT HARVEY<br>DBA KATHRYN ANN HARVEY<br>DBA ELIZABETH ANN HARVEY,<br><br>        Plaintiff,<br><br>    v.<br><br>Judge Ann L. Aiken,<br>Case Administrator Lori Errecart,<br><br>        Defendants. | Case. No. 6:25-cv-100-MC<br><br>OPINION & ORDER |

MCSHANE, Judge:

*Pro se* plaintiffs seek leave to proceed *in forma pauperis* (IFP). This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

1 – Opinion & Order

Plaintiffs file documents associated with "sovereign citizen" theories.[1] Courts have consistently found such arguments and ideology to be frivolous. *Patterson v. Yellen*, 2023 WL 8477411 at *2 (D. Or. 2023) (listing cases). More importantly, Plaintiffs attempt to bring claims against Judge Aiken and a Court Clerk for their actions in two cases—6:24-cv-01162-AA and 6:24-cv-01141-AA— earlier assigned to Judge Aiken. To the extent Plaintiffs attempt to point to errors made in those cases, the proper avenue is not the filing of a new civil action, but rather an appeal in those cases to the Ninth Circuit Court of Appeals. Additionally, Plaintiffs' attempted claims here are clearly barred by judicial immunity.

Judicial immunity is a common law doctrine that protects "the finality of judgements" and "discourage[es] inappropriate collateral attacks . . . by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988)(citing Bradley v. Fisher, 80 U.S. 335, 347 (1871)). "The common law's rationale for these decisions—freeing the judicial process of harassment or intimidation—has been thought to require absolute immunity even for advocates and witnesses. *Id*. However, even with this immunity, "judicial mistakes or wrongs are open to correction through ordinary mechanisms of review," the appellate process. *Id*.

The alleged claims against the named Case Administrator are likewise barred. "'Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process' unless a clerk acts 'in the clear absence of all jurisdiction.'" *Torres v. Voltz*, 2019 WL 3345972 at *5 (N.D. Cal. 2019) (quoting *Mullis v. United States Bankr. Ct., Dist. of Nev*, 828 F.2d 1358, 1390 (9th Cir. 1987)). "Quasi-

---

[1] Plaintiffs include their fingerprints as signatures, include exhibits purportedly portraying the United States Constitution on "original parchment paper," take issue with court filings including their names in capital letters without Plaintiffs' consent, and argue Judge Aiken is "an administrator of justice under Admiral Maritime Jurisdiction."

2 – Opinion & Order

judicial immunity extends 'to court clerks and other non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function.'" *Id.* (quoting *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Such quasi-judicial immunity applies, as alleged here, when the clerk refuses to file court papers. *Id.* (citing *Mullis*, 828 F.2d at 1390.)

Because Plaintiffs fail to state a claim, Plaintiffs' applications for leave to proceed in forma pauperis is DENIED and this case is DISMISSED.[2]

IT IS SO ORDERED.

DATED this 23rd day of January, 2025.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

---

[2] To the extent Plaintiffs brings claims of judicial bias against Judge Aiken, such claims are likewise meritless. Any claim of "judicial bias must arise from extrajudicial sources." *In re Corey*, 892 F.3d 829, 839 (9th Cir. 1989). All of Plaintiffs' alleged theories stem from Judge Aiken's previous dismissal of Plaintiffs' earlier cases.

3 – Opinion & Order